IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                            ORDER

       v.                                     08-cr-94-bbc-01

BRANDON D. JOHNSON,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Brandon D. Johnson's supervised release was held on November 16, 2011, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Robert A. Anderson. Defendant was present in person and by counsel, Supervisory Associate Federal Defender Michael W. Lieberman. Also present was Senior U.S. Probation Officer Michael D. Harper.

From the record and the parties' stipulation, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on November 10, 2008, following his conviction for possession with intent to distribute heroin, a Schedule I

controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 851. This offense is a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 33 months, with a six-year term of supervised release to follow.

I modified the defendant's sentence on June 18, 2009, reducing the term of imprisonment from 33 months to 21 months. The six-year term of supervised release and all conditions previously imposed were affirmed.

Defendant began his term of supervised release on November 13, 2009. On March 1, 2011, he violated Special Condition No. 3, prohibiting him from using alcohol and illegal drugs and from associating with drug users and sellers, and requiring him to participate in substance abuse treatment, when he submitted a breath test resulting in a reading of .05 blood alcohol content. He violated Special Condition No. 3 when he failed to report for drug testing on March 7, March 21, April 4 and April 15, 2011. Defendant also failed to schedule required counseling sessions during the month of March 2011. Defendant violated Standard Condition No. 2, requiring him to submit monthly written reports, when he failed to submit reports for October, November and December 2010 and January, February and March 2011.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

CONCLUSIONS

Defendant's violations warrant revocation. Defendant absconded from supervision in April 2011. He was arrested on November 1, 2011 for alleged involvement in criminal activity that has prompted further investigation by local police. Accordingly, the six-year term of supervised release imposed on defendant on November 10, 2008 and affirmed on June 18, 2009, will be revoked.

Defendant's criminal history category is II. With Grade C violations, defendant has an advisory guideline range of imprisonment of 4 to 10 months. The statutory maximum to which defendant can be sentenced upon revocation is 36 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than three years if the offense for which the defendant was sentenced previously was a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range. The intent of this sentence is to hold defendant accountable for his violations, to protect the community and to achieve parity with the sentences of similarly situated violators of supervised release.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on November 10, 2008, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 10 months. A 24-month term of supervised release is to follow the term of imprisonment. All standard and special conditions of supervised release previously imposed shall remain in effect with the addition of the following special condition:

Special Condition No. 5: Spend up to 120 days in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer.

Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 17th day of November 2011.

BY THE COURT:

/s/

BARBARA B. CRABB
U.S. DISTRICT JUDGE